UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:                                            Case No. 20-43377

SAMI KOLEIT,                                      Chapter 13

           Debtor.                             Judge Thomas J. Tucker
_____/

**OPINION AND ORDER DENYING DEBTOR'S MOTION FOR REINSTATEMENT**

This case is before the Court on the Debtor's motion entitled "Motion for Reconsideration of Order Dismissing This Chapter 13 Bankruptcy Case," filed on March 29, 2020 (Docket # 25, the "Motion"), which the Court construes as a motion for reconsideration of, and for relief from, the Court's March 26, 2020 Order dismissing this case (Docket # 22). The Court will deny the Motion, for the following reasons.

First, the Court finds that the Motion fails to demonstrate a palpable defect by which the Court and the parties have been misled, and that a different disposition of the case must result from a correction thereof. *See* Local Rule 9024-1(a)(3).

Second, the allegations in the Motion do not establish excusable neglect under Fed. R. Civ. P. 60(b)(1), Fed. R. Bankr. P. 9024, or any other valid ground for relief from the order dismissing this case.

Third, the Debtor is not barred from filing a new bankruptcy case, under Chapter 7 or Chapter 11.

Fourth, the Debtor's argument in the Motion that he is eligible to be a Chapter 13 debtor is incorrect. The Court makes the following points, in response to certain contentions made in the Motion.

1. The $104,727.04 debt to "Huntington Mtg Group" listed in Schedule D is a wholly "unsecured" debt, within the meaning of Bankruptcy Code § 109(e), because it is wholly unsecured *as to the Debtor*. This is so because, as the Motion, the Debtor's Schedule A, and the Debtor's Statement of Financial Affairs admit, the real estate that secures this debt is not owned in any part by the Debtor, but rather by his wife..[1] There is no property *of the Debtor* that secures this debt.

2. The $104,727.04 debt to "Huntington Mtg Group" listed in Schedule D is "noncontingent" within the meaning of Bankruptcy Code § 109(e). The Debtor's Motion cites no statutory or case law authority for his assertion that this debt is "contingent." Nor does the Motion explain why this debt allegedly is "contingent." There are no facts alleged by the Debtor that suggest that this debt is contingent. As this Court held in *In re Kwiatkowski*, 486 B.R. 409, 414-15 (Bankr. E.D. Mich. 2013):

> In *In re Redburn*, 193 B.R. 249, 259 (Bankr. W.D. Mich. 1996), the court discussed the meaning of "noncontingent" under 11 U.S.C. § 109(e):
>
> > Neither the Bankruptcy Code, nor the legislative history provide a definition for the term "contingent" or the negative form "noncontingent" which appears in § 109(e). However, it is well-settled that "a debt is noncontingent if all events giving rise to liability occurred prior to the filing of the bankruptcy petition." Conversely, a contingent debt is "one which the debtor will be called upon to pay only upon the occurrence or happening of an extrinsic event

---

[1] This is shown by the Debtor's Schedule A/B, at item 1 (Docket # 15 at pdf page 3). After dismissal of this case, the Debtor attempted to amend his Schedules D and E/F (see Docket # 24 and Ex. A to the Debtor's Motion). But no amendment of Schedule A/B has been made or attempted. This is also shown by the Debtor's Statement of Financial Affaires, item 18, in which the Debtor stated, under penalty of perjury, that he transferred the subject real estate to his wife on August 21, 2018. (Docket # 15 at pdf page 30).

> *which will trigger the liability of the debtor to the alleged creditor.*

> *Id.* (italics in original)(citations omitted); *see also In re Tabor*, 232 B.R. 85, 89 (Bankr. N.D. Ohio 1999)("[I]t is well settled that a debt is noncontingent if all events giving rise to liability occurred prior to the filing of the bankruptcy petition.")(internal quotation marks and citations omitted).

There are no facts alleged by the Debtor to suggest anything other than that pre-petition, all events giving rise to the Debtor's personal liability on the Huntington Mtg Group debt had occurred. The Debtor is personally liable on a mortgage loan that is secured by a mortgage on real estate owned solely by the Debtor's spouse. The fact that the loan is secured by such a mortgage does not mean that the Debtor is not yet personally liable for the debt. If that were the case, then there could never be such a thing as a "noncontingent" *secured* debt under § 109(e). But we know that this is not the case, since § 109(e) itself uses the phrase "noncontingent, liquidated, secured debts" in defining a debt limit for a Chapter 13 debtor's "secured" debts.

    3. The Debtor's Motion concedes that the Debtor has an unsecured debt covered by the § 109(e) debt limit, to the "State of Michigan - Dept of HHS" ("HHS") in the amount of $338,668.36. But on the facts alleged by the Motion, the *unsecured* amount of that debt is actually much higher, because based on those alleged facts, the only property *of the Debtor* that was subject to the HHS statutory lien as of the petition date was the Debtor's "personal property listed in Schedule B which totaled $14,428.78."[2] The two other items of collateral subject to the HHS statutory lien, according to the Debtor's Motion, were not property of the Debtor as of the March 8, 2020 bankruptcy petition date in this case. This is so as to the alleged equity "in the

---

[2] Motion at 4.

real property at 5656 Kinmore Street, Dearborn, MI" because, according to the Debtor, he did not own that real estate as of the petition date, but rather had transferred it to his wife on August 21, 2018. *See* footnote 1 above. And this is obviously so as to the "$13,668.36 the Debtor transferred to his wife on September 18, 2018."[3] Thus, even assuming that HHS has a statutory lien in the $14,428.78 worth of personal property owned by the Debtor as of the bankruptcy petition date, the unsecured portion of the Debtor's debt to HHS would be $421,748.36 ($436,177.14 - $14,428.78). This amount alone exceeds the $419,275.00 unsecured debt limit for a Chapter 13 debtor under 11 U.S.C. § 109(e).

4. The Motion concedes that the scheduled debt listed as "JPMCB" in the amount of $19,708.00 is to be counted toward the § 109(e) unsecured debt limit in this case.[4]

Thus, at best from the Debtor's perspective, the Debtor's "noncontingent, liquidated, unsecured debts" within the meaning of § 109(e) total ***at least $546,183.40*** ($104,727.04 + $421,748.36 + $19,708.00). This far exceeds the § 109(e) maximum of $419,275.00.

For all of these reasons, the Debtor's Motion must be denied.

Accordingly,

IT IS ORDERED that the Motion (Docket # 25) is denied.

**Signed on March 31, 2020**



/s/ Thomas J. Tucker
_____
**Thomas J. Tucker
United States Bankruptcy Judge**

---

[3] *Id.*

[4] *Id.* at 5.